

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2006

# USA v. Enigwe

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Enigwe" (2006). *2006 Decisions.* Paper 966.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/966

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-215                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3786
_____

UNITED STATES OF AMERICA

v.

IFEDOO NOBLE ENIGWE,

                                                    Appellant.
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 92-cr-00257)
District Judge: Honorable Jan E. DuBois
_____

Submitted on a Motion for Summary Reversal/Remand
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2006

BEFORE: FUENTES, VAN ANTWERPEN and ROTH[1] CIRCUIT JUDGES

(Filed:  June 2, 2006)
_____

OPINION
_____

PER CURIAM

        In 1992, appellant Ifedoo Enigwe was convicted of importing heroin in violation

of 21 U.S.C. § 960(a) and related crimes.  He was sentenced to a term of imprisonment of

_____

        [1]Judge Roth assumed senior status on May 31, 2006.

235 months and five years of supervised release. This sentence included a 2-level

enhancement for obstruction of justice and a 4-level enhancement for his leadership role

in the offense. We affirmed the judgment of conviction and sentence in 1994. The

United States Supreme Court denied certiorari that same year. Since then, Enigwe has

made numerous unsuccessful challenges to his conviction and sentence.[2]

At issue in the present appeal is Enigwe's May 2005 motion to modify sentence

pursuant to 18 U.S.C. § 3582(c)(2). He contended in this motion that Amendment 500 to

United States Sentencing Guidelines § 3B1.1, effective in November 2003, lowered the

sentencing range for his leadership role. The District Court denied the motion in an order

entered on July 28, 2005, holding that Enigwe's sentence had not been lowered by

Amendment 500.

In a thorough opinion, the District Court reasoned that Amendment 500 made clear

that the leadership enhancement applied only to management responsibility over at least

one or more other participants.[3] However, both prior and subsequent to the issuance of

Amendment 500, a court's finding that a defendant had management responsibility over

people, such as expressly found in Enigwe's case, resulted in an enhancement. Section

3B1.1, under which Enigwe was sentenced and as applied to him, thus was unaffected by

---

[2] Inasmuch as we write primarily for the parties and they are familiar with the procedural history, we set forth only that which will be helpful to our brief discussion.

[3] Amendment 500 also provided that an upward departure may be warranted in the case of a defendant who did not supervise another participant, but who nevertheless had management responsibility over the property of a criminal organization. U.S.S.G. § 3B1.1 cmt. n.2 (1994).

Amendment 500.

Enigwe appealed and filed a motion for summary action in the form of reversal or remand. We have carefully reviewed Enigwe's arguments. We agree that summary action is appropriate but only in the form of an affirmance.

We will summarily affirm the order of the District Court under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. The motion to modify sentence under 18 U.S.C. § 3582(c)(2) lacks merit for the reasons given by the District Court. At Enigwe's sentencing, the District Court expressly found that he was an organizer or leader of a criminal activity that involved the required number of participants for a 4-level enhancement under U.S,S.G. § 3B1.1(a). We agreed on appeal that this management responsibility over the required number of participants was clearly established. Section 3B1.1 as applied to Enigwe was unaffected by Amendment 500, and thus the amendment does not lower his sentence.

The District Court did not reach the question whether Amendment 500 is retroactive and neither do we. The District Court also declined to consider Enigwe's contention concerning the Bureau of Prisons' monthly assessment of his fine on the ground that he had failed to exhaust administrative remedies. We also decline to consider it for this same reason.

We will summarily affirm the order of the District Court denying the motion to modify sentence.